MILLER, R., Associate Judge.
Appellant; Conger Life Insurance Company, appeals a judgment in favor of the Plaintiffs-Appellees, William D. McCawley and Anne McCawley, his wife, entered pursuant to a jury verdict. Plaintiffs’ lawsuit claimed medical benefits under a group policy to which the defendant insurance company raised the defenses that the application contained misrepresentations that were material to the acceptance of the risk and that had the true facts been supplied, the defendant in good faith would not have issued the policy. §§ 627.409(l)(b) & (c), Fla.Stat. (1981). Appellant urges that the trial court erred in denying defendant’s motions for directed verdict and new trial because the verdict was against the manifest weight of the evidence. We affirm.
The policy involved in this case was a group policy offered by the defendant to its own employees under a plan wherein all employees were insurable if they applied for the group policy within the first 121 days of employment. If the application was filed after that period of time, the applicant would need to complete an application which contained questions concerning prior medical treatment. The Senior Vice-President and Medical Director for the defendant testified that the purpose of the limited period of time for applications was to weed out those employees who did not want to obtain the policy until they realized they had a medical problem. The record reflects that such was not the case in this instance.
The record further reflects that the plaintiff had previously been employed by the defendant and had made claims on similar group policies at that time concerning some of the medical history omitted from the application. There was also a controversy in the evidence as to whose fault it was that the application was not filed within 121 days in that the plaintiff claimed the form had been requested on several instances but was not made available to him until the 121 days had expired.
Although there was other testimony by the Senior Vice-President that she would have denied the application had the true history been made known, this Court finds the question of materiality under these facts was for the jury and not the Court, and therefore, the lower court did not err in denying defendant’s motions for directed verdict.
On its face the claim of the appellant that the verdict was contrary to the manifest weight of the evidence appears to have some merit in that the jury found by virtue of a special verdict or interrogatory-type verdict that there were no “misrepresentations, omissions, concealment of facts, or incorrect statements contained in plaintiffs’ application form,” when in fact the plaintiffs throughout the trial admitted the existence of omissions or incorrect statements. The following verdict form was used;
VERDICT
We, the jury, return the following verdict:
1. Were there misrepresentations, omissions, concealment of facts, or incorrect statements contained in Plaintiffs’ application form for group insurance *598 from the Defendant Conger Life Insurance Company?
YES_ NO_
If your answer to question 1 is YES, please answer question 2. If your answer to question 1 is NO, your verdict is for the Plaintiff and you will proceed no further but to date and sign the Verdict. If the answer to question 1 is YES, please answer question No. 2.
2. Were such misrepresentations, omissions, concealment of facts, or incorrect statements fraudulent?
YES_ NO_
3. Were such misrepresentations, omissions, concealment of facts, or incorrect statements material either to the acceptance of the risk, or to the hazard assumed by the Defendant, Conger Life Insurance Company as insurer?
YES_ NO_
If your answer to question 3 is YES, then your verdict is for the Defendant, and you should not proceed further except to date and sign this verdict form and return it to the Courtroom. If your answer to question 3 is NO, please answer question 4.
4. Would the Defendant Conger Life Insurance Company in good faith either not have issued the group insurance policy to the Plaintiffs or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the Defendants as required by the application for the group insurance policy?
YES_ NO_
If your answer to question 4 is YES, then your verdict is for the Defendant, and you should date and sign this verdict form and return it to the Courtroom.
SO SAY WE ALL THIS 10 DAY OF DECEMBER, 1982.
The verdict form and instructions offered by the plaintiffs assumed the existence of the incorrect statements or omissions in the application form. The verdict form used was drafted by the defendant insurance company. The instructions reflect that if the jury answered question one in the negative they returned a verdict for the plaintiff, and that if they answered question two, three or four in the affirmative they would return a verdict for the defendant. The form is silent as to whom they would return a verdict for if they answered all of the last three questions in the negative. This form of verdict was ambiguous in that the jury could believe that the only way to return a verdict for the plaintiff was to answer question one in the negative. Actually, questions one and two were not proper. The existence of the incorrect answers were admitted and there was no claim that they were fraudulent.
Since the form used was that of the defendant it would be unjust to allow the defendant to take advantage, of a verdict form it suggested that infers the only way to return a verdict for the plaintiff would be against the manifest weight of the evidence and therefore guarantee a new trial if they lost. It is apparent from the verdict that the jury meant to return a verdict for the plaintiff and since such a verdict would be appropriate under the evidence of this case, the judgment based upon that verdict must be affirmed.
The appellees’ motion for attorney’s fees is granted and this cause is remanded to the trial court to assess a reasonable fee for appellees’ attorney’s fees for services rendered on appeal.
AFFIRMED AND REMANDED.
FRANK D. UPCHURCH, Jr., and CO-WART, JJ., concur.